MANHATTAN LIFE INS. CO. v. O'NEIL (two cases).

(Circuit Court of Appeals, Third Circuit. February 9, 1900.)

Nos. 37, 38.

APPEAL—REVIEW—HARMLESS ERROR.
    Where the principles of law stated in a request to charge are correct,
    the mere fact that they are not applicable to the case made by the evi-
    dence does not render the affirmance of such request reversible error.

In Error to the Circuit Court of the United States for the Western
District of Pennsylvania.

For opinion on former appeal, see 90 Fed. 463.

M. A. Woodward, for plaintiff in error.

Thomas Patterson, for defendant in error.

Before DALLAS and GRAY, Circuit Judges, and KIRKPATRICK,
District Judge.

KIRKPATRICK, District Judge. The above-entitled actions were
tried together. They are suits in ejectment to determine the title to
two pieces of property, and the questions involved are the same in
each. It is not the duty or intention of this court to review the testi-
mony brought up by the record in these causes for the purpose of
determining whether the conclusion reached by the jury was in ac-
cordance with the weight of evidence produced. The writs of error
do not bring before us any such question. Upon them we are to de-
termine whether the learned trial judge erred in his statement of
the law, and whether in his charge to the jury he presented the facts
to them in a manner unfairly favorable to the defendant, and prejudi-
cial to the cause of the plaintiff. To this latter branch of the case,
the 1st, 2d, 3d, 4th, 5th, 6th, 7th, 8th, and 11th assignments of
error are directed. We have carefully examined the record of evi-
dence and the charge of the court, and, while we concede the cor-
rectness of the propositions of law laid down by the learned judges of
the supreme court of Pennsylvania in the cases cited by the plaintiff
in error regarding the duty of a judge in respect to the matters com-
plained of, we fail to perceive that the learned trial judge in this
case failed to perform his full duty to both the parties to these writs.
The necessary questions of fact to be determined by the jury were
so clearly presented to them that they could not have failed to under-
stand, and the evidence relating to those facts was fairly submitted.
It is no cause of complaint that a judge does not repeat the argument
of counsel, nor call the attention of the jury to the testimony of
every witness bearing upon every phase of the case. We find no
trace of bias in the charge of the learned judge, tending to prejudice
the jury, as charged in the errors assigned. The 9th and 10th as-
signments of error, relating to the affirmance by the court of the
defendant's requests to charge, are not seriously pressed by the
plaintiff in error. The position of counsel seems to be that, while
the learned judge was abstractly right in affirming said requests, yet
the principles of law contained therein had no applicability to the

facts of the case as viewed from their standpoint. This, if true, affords no ground for reversal. The judgment of the circuit court will be affirmed, with costs.